NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 2, 2010[*]
Decided February 5, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1838

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 CR 38-1 |
| ANTHONY CANTY, | |
| *Defendant-Appellant.* | John W. Darrah, *Judge*. |

---

[*] The panel has determined, pursuant to Internal Operating Procedure 6(b), that this is a successive appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

# ORDER

Anthony Canty was indicted in June 2004 on three counts of violating the drug laws, see 21 U.S.C. § 841, two firearms offenses, see 18 U.S.C. §§ 922(g) and 924(c), and a charge of making counterfeit currency in violation of 18 U.S.C. § 471. He was convicted on all six counts after a trial and received a sentence of 360 months' imprisonment, to be followed by three years' supervised release on Counts 1-3 (the drug charges) and Count 6, and five years' supervised release on Counts 4 and 5 (the firearms charges), to run concurrently; the court imposed a $600 special assessment for the six counts. He appealed only his counterfeiting conviction to this court. *United States v. Canty*, 499 F.3d 729 (7th Cir. 2007). We agreed that certain evidentiary errors relating to the counterfeiting charge had prejudiced Canty at the trial, and we thus vacated that conviction and remanded for a new trial on that count. We emphasized that our judgment did not have any effect on the convictions for the remaining charges.

On remand, the district court dismissed the counterfeiting charge, thereby obviating the need for a new trial. It then resentenced Canty to the same 360-month term of imprisonment, to be followed by the same three-year supervised release term for Counts 1-3 and five-year supervised release term for Counts 4 and 5, running concurrently; the court adjusted the special assessment to $500. Canty now appeals from his new sentence.

Canty argues first that the district court failed to calculate his advisory guideline sentence and that this procedural error alone requires us to vacate and remand once again, this time for re-sentencing. He also asserts that in any event the district court failed to give meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a). We take these points in turn.

The Probation Office had prepared a full presentence investigation report (PSR) in conjunction with Canty's original sentencing proceeding; at re-sentencing, it updated the original PSR and supplemented the revised version with an "Addendum to the Presentence Report." The critical fact for our purposes is that both the original and updated PSRs concluded that Canty was a career offender under U.S.S.G. § 4B1.1 and an armed career criminal under U.S.S.G. § 4B1.5. As of the time of his conviction, Canty was at least 18 years of age and had at least two prior convictions for controlled substance offenses: (1) a 1992 conviction for distribution of a controlled substance, and (2) a 1996 conviction for a controlled substance offense in the second degree. In addition, one of the counts of conviction was for a violation of 18 U.S.C. § 922(g), and Canty had at least three prior

convictions for a violent offense or a serious drug offense (the two just mentioned plus a 1979 conviction for aggravated battery). Canty's criminal history placed him in Category VI independently of his career criminal status. Based on §§ 4B1.1 and 4B1.4, the Probation Office concluded both times around that Canty's advisory guideline range was 360 months to life imprisonment.

At the sentencing hearing on March 25, 2009, the district court stated on the record that it had considered the entire sentencing record up to that time, and in particular it had read the PSR, the updated PSR, and the Addendum. It had also read the letters and other materials that Canty submitted in support of his § 3553(a) arguments. The court then turned to defense counsel and asked whether he was still objecting to the determination in the updated PSR that Canty was an armed career criminal and a career offender; counsel replied in the negative. Summarizing, the court then noted that under the updated PSR and the Addendum, putting the career offender status to one side, Canty's offense level was 28 and his criminal history category was VI. The government lawyer pointed out that there had been a last-minute correction to the offense level, and that it should have been 26. But, the government was quick to say, this modification made no difference because of the effect of §§ 4B1.1 and 4B1.4. Defense counsel then objected to the use of the career offender guidelines, because "career criminal as a guideline status is simply advisory." The court correctly recognized, however, that there is nothing advisory about the way in which the guideline ranges are calculated. It is the final result that is advisory: the district court must proceed on the basis of a correct guideline range, and then, using § 3553(a), decide on an appropriate sentence.

Canty does not argue that the district court erred in concluding that he is a career offender, nor does he take issue with the fact that under U.S.S.G. § 4B1.1(c)(3) his advisory sentencing range is 360 months to life, even without the counterfeiting charge. The district court chose a sentence at the bottom of that range: 360 months. The court recognized the full measure of its own discretion in choosing a proper sentence, and on appeal, we are entitled to give an in-range sentence a presumption of reasonableness. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Canty's efforts to convince us that the court proceeded on the basis of the wrong drug quantities are unavailing, given his career offender and armed career criminal status. The court evaluated the personal information that he submitted and weighed it for what it was worth. We see nothing that justifies upsetting the conclusion that this was a reasonable sentence.

The judgment of the district court is therefore **AFFIRMED**.