NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 20, 2021

*Before*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3424

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04-cr-38-1 |
| ANTHONY CANTY, *Defendant-Appellant*. | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

More than a decade after he was convicted of crack cocaine offenses, 21 U.S.C. § 841(a), Anthony Canty moved under the First Step Act of 2018 to reduce his 30-year sentence. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

concluded that Canty was ineligible for relief under the act and denied the motion. We affirm.

In 2006, Canty was found guilty by a jury of six counts of drug and firearm offenses, including three counts of trafficking marijuana, heroin, cocaine, and crack cocaine, and sentenced under § 841(b)(1)(C) to 360 months' imprisonment. Canty successfully appealed his conviction on one of the non-drug counts, and we remanded the case for a new trial on that count. *See United States v. Canty*, 499 F.3d 729, 734 (7th Cir. 2007). On remand, the district court dismissed the count on the government's motion and then resentenced Canty as a career offender for having at least two prior controlled substance convictions. U.S.S.G. § 4B1.1(a). The court imposed the same 360-month sentence as before, and we affirmed. *United States v. Canty*, 364 F. App'x 269, 271 (7th Cir. 2010).

Several years later Canty moved under 28 U.S.C. § 2255, challenging, among other things, his career-offender designation. The district court denied the motion, and we denied Canty's request for a certificate of appealability. *See Canty v. United States*, No. 12-1637, 2013 WL 7144188, at *1 (7th Cir. Jan. 10, 2013).

In 2019, Canty moved for a reduced sentence under the First Step Act, which made provisions of the Fair Sentencing Act of 2010 retroactive for certain defendants convicted of crack-related offenses. *See United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). The Fair Sentencing Act, in relevant part, modified § 841(b)(1)(A)–(B) by increasing the amount of crack needed to trigger the statutory minimum penalties. *Id.* Canty, who proceeded pro se after his lawyer was allowed to withdraw, sought relief on grounds that (1) the First Step Act lowered the penalties for all crack-cocaine offenses, including those for which he was convicted, and (2) two of his previous narcotics-related convictions no longer could serve as predicate offenses for application of the career-offender Guideline. *See* U.S.S.G. § 4B1.1.

The district court denied the motion. The court concluded that Canty's narcotics convictions were not covered offenses under the First Step Act because the Fair Sentencing Act "made no change to the penalties provided by § 841(b)(1)(C)." The court further determined that the First Step Act did not modify the types of prior convictions that can be predicate offenses under the career-offender Guideline.

On appeal Canty renews his arguments. We begin by noting, however, that Canty appropriately concedes in his reply brief that prisoners sentenced under § 841(b)(1)(C) are ineligible for relief under the First Step Act because the Fair

Sentencing Act did not modify the statutory penalties in that subparagraph. *See Terry v. United States*, 141 S. Ct. 1858, 1862–63 (2021).

Canty argues that he nonetheless is eligible for relief because two of his prior narcotic convictions no longer qualify as predicate offenses for application of the career-offender Guideline. He asserts that neither of his convictions was subject to the ten-year statutory maximum sentence that is required for an offense to be a predicate under the First Step Act. But Canty cites no case, nor have we found any, that supports his argument. He appears to draw upon the language defining a predicate offense under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (requiring that state law offenses involve "manufacturing, distributing, or possessing … a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law"). Canty, however, was sentenced not under that act but the career-offender Guideline. *See* U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" as one "punishable by imprisonment for a term exceeding one year"); *United States v. Musgraves*, 831 F.3d 454, 468 (7th Cir. 2016).

We have considered Canty's other arguments, and none has merit.

AFFIRM